**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| ADRIAN BOMBIN, *et al.,* | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-01883-JMG |
| | : | |
| SOUTHWEST AIRLINES CO., | : | |
| Defendant. | : | |

---

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                          **July 18, 2024**

On April 13, 2020, Plaintiffs Adrian Bombin and Samantha Rood filed a Complaint alleging a class action breach of contract claim against Southwest Airlines ("Southwest"), which was later amended in Plaintiff's Amended Complaint filing. *See generally* Am. Compl., ECF No. 14. On September 7, 2023, this Court denied Plaintiffs' Motion for Class Certification. Mem. Op., ECF No. 162; Corresponding Order, ECF No. 163. Subsequently, Southwest provided Plaintiffs with notice of "*new and contradictory*" evidence regarding Plaintiffs ability to access the Contract of Carriage ("COC") on the website and mobile application, which was pertinent to the class certification issue. Notice to Clarify Certain Evidence ("Notice to Clarify"), ECF No. 171. On April 30, 2024, Plaintiffs filed a Motion for Reconsideration of this Court's previous decision. Mot. for Reconsideration, ECF No. 175. Plaintiffs aver that the new evidence provided by Southwest supports that Plaintiffs are adequate class representatives. ECF No. 175 at 4. Plaintiffs maintain that they did not have direct access to the COC that contained a class action waiver provision preventing them from becoming adequate class representatives. *Id.* at 1. Because of the lack of direct access to the COC, Bombin and Rood aver they did not have adequate legal notice of the class action waiver provision. *Id.* The COC incorporated the class action waiver provision

that was contained in the Terms and Conditions (T&Cs). *Id.* For the following reasons, Plaintiffs'
Motion for Reconsideration is denied.

## I.   FACTUAL BACKGROUND

### A.   Underlying Facts[1]

In February 2020, Plaintiffs Bombin and Rood both purchased tickets through Southwest
Airlines. *See generally* ECF No. 14. Bombin booked a flight using Southwest's mobile application.
*Id.* ¶ 26; *see also* Behrens Decl., ECF No. 85-15 at 3. Rood used Southwest's website
(www.southwest.com) to purchase two tickets. ECF No. 14 ¶ 31; *see also* ECF No. 85-15 at 3.
Southwest offered Bombin and Rood a credit towards a future flight but not a cash refund. ECF
No. 14 ¶¶ 29–30; ¶¶ 34, 37, 40. Both Plaintiffs allege a breach of contract under Southwest's
Contract of Carriage because Southwest refused to offer refunds for their flights. ECF No. 14 ¶ 19.

### B.   Procedural History

On April 22, 2022, Plaintiffs Bombin and Rood filed a Motion for Class Certification,
asserting they were adequate class representatives for the claims in the Amended Complaint. ECF
No. 71. On September 7, 2023, this Court denied Plaintiffs' Motion to Certify the Class as both
Plaintiffs had notice of a class action waiver provision, which existed within the Terms and
Conditions on both the website and the mobile application. ECF No. 162 at 31–32. On April 30,
2024, Plaintiffs filed a Motion for Reconsideration of this Court's previous decision to deny Class
Certification. ECF No. 175.

---

[1] For the purposes of this Motion, the Court accepts the factual allegations in the Amended
Complaint as true. *See generally* ECF No. 14; *Petruzzi's IGA Supermarkets, Inc. v. Darling-
Delaware Co.*, 1992 U.S. Dist. LEXIS 13050, n. 4 (M.D. Pa. 1992) ("For the purposes of the
decision on a certification motion, the court must accept as true the factual allegations contained
in the complaint.") (internal citations omitted).

C.       **Southwest's Notice to Clarify Certain Evidence**

Southwest submitted a "Notice to Clarify Certain Evidence," presenting further information in regard to the COC hyperlink. ECF No. 171 at 1. The Notice revealed that the COC hyperlink on the purchase page did not take users directly to the full text of the COC. *See id.* at 3. In a lawsuit separate from the present, a deposition of a Southwest witness revealed that the COC hyperlink on Southwest's website purchase page led users to an additional "About Southwest" webpage. *Id.* at 2–3. The area of the webpage that contained the COC hyperlink was the "Customer Commitments" section of the "About Southwest" page. *Id.* at 3. This page presented hyperlinks to the full text of the COC in English and Spanish. *Id.* at 3. The hyperlink directed users of the site to the COCs using an "anchor" function, such that the COC hyperlink to the full terms would be automatically presented at the top of the page. Def. Response in Opp., ECF No. 183-1 at 3. When the hyperlink was clicked in either language, it provided a full .pdf version of the text of the COC. ECF No. 171 at 3. On the mobile app, Bombin had access to a blue hyperlink identified as "Contract of Carriage," which appeared on the purchase page. ECF No. 183-1 (Exhibit A). Bombin would not have been taken directly to the full text of the COC but would have viewed a "Conditions of Contract" page, where the first sentence states that the Contract of Carriage is incorporated by reference. *Id.* This hyperlinked page did not contain the full text of the COC but provided an explicit reference to the existence of the COC and the ability to access it upon request. *Id.*

The Notice to Clarify did not change any facts regarding the Plaintiffs' ability to access the full text of the T&Cs through a hyperlink. ECF No. 171 at 4. Southwest's website and mobile application both included a hyperlink to the T&Cs on the purchase page. ECF No. 162 at 4–5. Below the "Purchase" button on the website page, the T&Cs hyperlink was displayed in blue and underlined. *Id.* at 5. On the mobile app, the T&Cs hyperlink was blue and appeared after the

"Purchase" button and the hazardous materials information. *Id.* The T&Cs contained a "Forum Selection" Provision, and this provision held a class action waiver provision. *Id.* at 6. This Court found that the T&Cs were properly incorporated into the COC. *Id.* at 19–20. On both the website and the mobile application, the T&Cs hyperlink would give users direct access to the full contents of the T&Cs. ECF No. 171 at 4.

## II.        LEGAL STANDARD

To grant a Motion for Reconsideration, the Court must find at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The Plaintiffs aver that reconsideration is proper because of "new, contradictory evidence" that Southwest provided in its Notice to Clarify. ECF No. 175 at 1.

## III.       ANALYSIS

### A.        Motion for Reconsideration

This Court found that the T&Cs did contain the class-action waiver and that the COC "incorporates the terms and conditions specified on Southwest's website." ECF No. 162 at 21. Further, this Court found that Plaintiffs had adequate notice of the T&Cs and notice that the COC incorporates the T&Cs. *Id.* at 31–32. Plaintiffs contend that the Notice to Clarify presents new evidence that should change the outcome such that Plaintiffs Bombin and Rood are adequate class representatives. ECF No. 171 at 4. The Court disagrees.

#### 1.        Notice of the Terms and Conditions

Clicking on the "Terms & Conditions" hyperlink on the website gave Plaintiff Rood direct access to the T&Cs. ECF No. 171 at 4. In order to purchase the ticket through Southwest's webpage

4

or mobile applications, consumers must click a purchase button to obtain the ticket. ECF No. 162 at 4. Specifically, the website required a user to click once to view the whole text of the T&Cs, which contained the class-action waiver. *Id.* On the website, the "purchase" button was followed with an acknowledgment that the consumer agreed to the conditions and provided a hyperlink to the T&Cs. Def. Response in Opp., ECF No. 183-1 (Exhibit A).

On the mobile app, Plaintiff Bombin had access to the T&Cs via hyperlink, and the hyperlink provided direct access to the "full content" of the T&Cs. ECF No. 171 at 4. This Court found that the "clear hyperlinked terms on the same page as the "Purchase" button and requirement of assent before purchase is similar in substance to clickwrap agreements routinely enforced in the Eastern District of Pennsylvania." ECF No. 162 at 29. Bombin and Rood's notice of the T&Cs and ability to access them directly through a hyperlink remains unchanged after reviewing the evidence provided in the Notice to Clarify. ECF No. 183 at 2.

### 2.    Notice of the Contract of Carriage Incorporation into the T&Cs

Plaintiffs aver that the lack of "direct" access via a hyperlink to the "full terms" and "full text" of the COC means that there is no reasonable notice as to the incorporation of the T&Cs into the COC. ECF No. 175 at 9. Because of the lack of notice of the COC's incorporation of the T&Cs, Plaintiffs aver that there is no notice of the class action waiver. *Id.* The Court is not persuaded.

This Court found that the agreement between parties was similar to a clickwrap agreement because the Plaintiffs clicked the "purchase button," which explicitly manifested assent to the T&Cs and the terms incorporation into the COC.[2] ECF No. 162 at 29. On the webpage, Plaintiff

---

[2] The first line under the purchase button on the website's purchase page stated "I agree to the fare rules, Terms and Conditions, Privacy Policy, and Contract of Carriage." ECF No. 183 at Exhibit A. On the mobile app, the line directly above the purchase button stated "[b]y tapping 'Purchase,' you accept the below conditions." *Id.*

Rood was presented with a "Contract of Carriage" hyperlink, and when clicked, it would take Rood to the second webpage, which had the full text of the COC available via a second hyperlink. ECF No. 183 at Exhibit A. When no actual notice of the terms exists, Plaintiffs require inquiry or constructive notice of the terms. *See Checchia v. Solo Funds*, 2023 U.S. Dist. Lexis 98889 at *27 (E.D. Pa. June 7, 2023). In doing so, the Court must "determine whether the notice was reasonably conspicuous." *Id.* (citing *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022)). For the terms to be considered reasonably conspicuous, "a notice must be displayed in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." *Id.* at *28 (quoting *Berman*, 30 F.4th at 856).

Dobbs found there was notice of terms where there was "a hyperlink, and the letters were purposely and conspicuously set off from the remaining text in a blue, underlined font." *Dobbs v. Health IQ Ins. Servs.*, No. 21-5276, 2022 U.S. Dist. LEXIS 133182 at *4 (E.D. Pa. July 27, 2022). Further, notice existed where there was an "active hyperlink to the full text." *Id.* at *1. Here, Rood did have access to the full text via a hyperlink but had to click twice to access the COC. ECF No. 183 at Exhibit A. Both hyperlinks presented to Rood were in blue, underlined, and conspicuously set apart from the other text on the screen. *Id.* Further, the anchor function guided Rood directly to the area of the webpage with the second COC hyperlink, which ensured the link was conspicuous. *Id.* The second hyperlink gave Rood direct access to the full text of the COC, even if it required two clicks to access the terms. *Id.* Because the COC was presented in a reasonably conspicuous manner such that a reasonably prudent Internet user would have seen both hyperlinks, the Court finds that Rood had sufficient notice of the COC and its incorporation of the T&Cs.

On the mobile app purchase page, Bombin had access to a hyperlink identified as "Contract of Carriage." ECF No. 171 at 3–4. The hyperlink to the COC on the mobile application directed

users to a "Conditions of Contract" page. *Id.* at 3–4. This page provided a "Notice of Incorporated Terms" and stated that a user could "inspect Southwest's Contract of Carriage . . . at any Southwest ticket counter or online at southwest.com." *Id.* Similar to the webpage, the mobile app hyperlink to the COC was in blue and conspicuously set apart from the other text. *Id.* The link on the mobile app does not take the user directly to the COC, but as explained below, the reference to the incorporation on that page is sufficient for there to be notice.

### 3.   Department of Transportation Regulations § § 253.4, 253.5

Plaintiffs aver that they did not have sufficient notice of the incorporation of Southwest's T&Cs into the COC under 14 C.F.R. § 253.4[3] and § 253.5[4]. ECF No. 171 at 10. The Court is not persuaded.

Southwest has provided sufficient notice under both § 253.4 and § 253.5. In discussing the DOT regulations, *Covino* noted that the defendant provided "*even more substantial notice* of the terms incorporated in its COC than required by the regulations" by providing direct access to the

---

[3] Section 253.4 (Incorporation by reference in the contract of carriage) provides:

> (b) Each air carrier shall make the full text of each term that it incorporates by reference in a contract of carriage available for public inspection at each of its airport and city ticket offices.
> (c) Each air carrier shall provide free of charge by mail or other delivery service to passengers, upon their request, a copy of the full text of its terms incorporated by reference in the contract. Each carrier shall keep available at all times, free of charge, at all locations where its tickets are sold within the United States information sufficient to enable passengers to order the full text of such terms.

[4] Section 253.5 (Notice of incorporated terms) provides:

> [E]ach air carrier shall include on or with a ticket, or other written instrument given to a passenger, that embodies the contract of carriage and incorporates terms by reference in that contract, a conspicuous notice that:
> (a) Any terms incorporated by reference are part of the contract . . . .

full text of the COC via a hyperlink. *Id.* at 153 (emphasis added). *Covino* held that the user had notice of the terms not only because the full text of the COC was available via hyperlink on the purchase page but also because "Spirit further provided access to the COC on its publicly accessible website." *Covino v. Spirit Airlines, Inc.*, 406 F. Supp. 3d 147, 152–153 (D. Mass. 2019). Here, Rood had access to the COC on Southwest's website free of charge, which satisfies § 253.4. ECF No. 171 at 5. Rood had the "opportunity to become fully informed of the contractual provisions," which was dispositive in *Covino*. *Covino*, 406 F. Supp. 3d at 153. The Court finds that Rood had adequate notice of the COC under the DOT regulations and had the ability to become fully informed of its provisions.

Further, Southwest's mobile app complied with both § 253.4 and § 253.5. Southwest satisfied § 253.4 by stating there are incorporated terms by reference, and by stating that the COC can be inspected on the website, at the airport, or can be sent through the mail. ECF No. 183 at Exhibit A. Section 253.5 requires a conspicuous notice of incorporation, which was satisfied in the first sentence of the "Conditions of Contract" page that appeared after clicking the COC hyperlink on the mobile app. *Id.* Further, this page provided users notice of the types of terms that are incorporated into the COC, which is sufficient under § 253.5(b). Because the mobile app provisions met the DOT standards under § 253.4 and § 253.5, the Court finds that Bombin had adequate notice of the COC and the terms incorporated therein.

Because individuals who assent to a class action waiver are inadequate class representatives under Federal Rule 23, Plaintiffs Bombin and Rood remain inadequate class representatives due to their notice of and assent to the COC and the class action waiver provided in the T&Cs. ECF No. 162 at 18; *see e.g.*, *Korea Wk.,* 2016 WL 3049490, at *11.

## IV.       CONCLUSION

After consideration of the factual and legal arguments in both parties' filings, Plaintiffs Bombin and Rood remain inadequate class representatives under FRCP 23(a). Accordingly, Plaintiffs' Motion for Reconsideration of the Order Denying Class Certification (ECF No. 171) is denied.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge